**FILED**

MAY 2 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KHIN MAUNG THAN, )
)
Plaintiff, )
)
v. )
)
RADIO FREE ASIA, )
)
Defendant. )

CASE NUMBER 1:05CV01042

JUDGE: Ricardo M. Urbina

DECK TYPE: Employment Discrimination

DATE STAMP: 05/24/2005

### DEFENDANT RADIO FREE ASIA'S
### ANSWER TO COMPLAINT

Defendant, Radio Free Asia ("RFA"), by and through its counsel,

answers Plaintiff Khin Maung Than's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations in the separate sentences or

phrases (collectively referred to hereafter as "sentences") of the Complaint, RFA, by

and through its counsel, states as follows:

### Paragraph A

1.    I started to work as a part-time radio broadcaster with the
      Burmese service in Radio Free Asia in May, 2002.

**ANSWER:**   RFA admits that Plaintiff worked as a broadcaster in

RFA's Burmese Language Service in the capacity of an independent contractor

*3*

starting in May 2002. RFA denies the remaining allegations contained in the first sentence of the Complaint.

2.    As I was passionate about broadcasting, I tried to learn as much as I could since day 1.

**ANSWER:**    RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of the Complaint and therefore denies those allegations.

3.    Although I was assigned to do news only, I initiated to write and produce my own weekly features on politics and science and technology.

**ANSWER:**    RFA admits that Plaintiff was assigned to read the news, and that he wrote and broadcast weekly features on science and technology. RFA denies the remaining allegations contained in the third sentence of the Complaint.

4.    I talked to Burmese service director, Soe Thinn about my initiatives in June, 2002.

**ANSWER:**    RFA admits that Plaintiff did talk to Soe Thinn, the director of RFA's Burmese Language Service, in June 2002 regarding Plaintiff's desire to write and broadcast weekly features on science and technology. RFA denies the remaining allegations contained in the fourth sentence of the Complaint.

5.    In October, 2002, I began my weekly feature on Science and Technology in addition to news job.

**ANSWER:**  RFA admits the allegations contained in the fifth sentence of the Complaint.

> 6.    Since I had passion and wanted to write and produce on my own, I studied and practiced without any formal training to achieve knowledge and skills that I needed as a radio broadcaster.

**ANSWER:**  RFA admits that Plaintiff lacked formal training as a radio broadcaster.  RFA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the sixth sentence of the Complaint and therefore denies those allegations.

> 7.    A couple of months later, I was able to produce my weekly features by myself.

**ANSWER:**  RFA denies the allegations contained in the seventh sentence of the Complaint.

> 8.    Although my responsibility was to write and broadcast news, I have gone through my own on the job training while working part-time to achieve other skills related to the job (including hardware and softwares).

**ANSWER:**  RFA admits that part of Plaintiff's responsibility was to broadcast news, and that he did acquire some job-related skills while working in the capacity of an independent contractor for RFA.  RFA denies the remaining allegations contained in the eighth sentence of the Complaint.

9.      I also hoped that when there was a vacancy one day in future, I made myself ready to be qualified by honing my skills everyday.

**ANSWER:**   RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the ninth sentence of the Complaint and therefore denies those allegations.


10.     My news translation and broadcasting have never failed.

**ANSWER:**   RFA denies the allegations contained in the tenth sentence of the Complaint.


11.     Because of my efforts, my weekly Science and Technology feature was recognized as one of the R.F.A's best non-current affairs programs in 2003 audience survey conducted in Burma.

**ANSWER:**   RFA admits that Plaintiff's science and technology feature was recognized as one of RFA's best non-current affairs programs as part of a 2003 survey of RFA listeners in Mandalay.  RFA denies the remaining allegations contained in the eleventh sentence of the Complaint.


12.     In early July, 2003, R.F.A's Burmese service had a vacancy for the full-time broadcaster position.

**ANSWER:**   RFA admits that in July 2003, it posted an opening for a full-time International Broadcaster position in the Burmese Service.  RFA denies the remaining allegations contained in the twelfth sentence of the Complaint.

13.   According to the announcement, minimal qualifications were bachelor degree from an accredited college or university, one year experience broadcast and/or specialized journalism and proof of eligibility to work.

**ANSWER:**   RFA admits that some of the minimum qualifications listed in the posting for a full-time International Broadcaster position in the Burmese Service included possession of a Bachelors degree from an accredited college or university, one year of experience in broadcast and/or specialized journalism and proof of eligibility to work. RFA denies the remaining allegations contained in the thirteenth sentence of the Complaint.

14.   As I believed I met all these requirements, I submitted my application to Human Resources in July, 2003 and waited for the notification from H.R to take the test required for the position.

**ANSWER:**   RFA denies that Plaintiff submitted a formal application to Human Resources in July 2003. RFA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the fourteenth sentence of the Complaint and therefore denies those allegations.

15.   But, H.R. did not notify me to take the test.

**ANSWER:**   RFA admits the allegations contained in the fifteenth sentence of the Complaint.

16.   Since I did not know why, I went to see Tamara Bagley, H.R specialist to inquire if there was any date set for the test.

**ANSWER:** RFA admits that Plaintiff went to see Tamara Bagley,

RFA's Human Resources specialist, and inquired about taking the test. RFA lacks

knowledge or information sufficient to form a belief as to the truth of the allegation

that Plaintiff "did not know why" he was not notified to take the test. RFA denies

the remaining allegations contained in the sixteenth sentence of the Complaint.

> 17. She replied that no test date had been set yet and said "I'll get back to you about the test."

**ANSWER:** RFA denies the allegations contained in the seventeenth

sentence of the Complaint.

> 18. But I did not hear anything back from her.

**ANSWER:** RFA admits the allegations contained in the eighteenth

sentence of the Complaint.

> 19. A few days later, I asked Soe Thinn why I was not allowed to take the rest (sic) and he replied that I did not need to take the test again this time and my last test score would be taken into consideration.

**ANSWER:** RFA admits the allegations contained in the nineteenth

sentence of the Complaint.

> 20. I explained to him that test score was valid for one year according to H.R and the last time I took test was in 2001.

**ANSWER:** RFA admits the allegations contained in the twentieth sentence of the Complaint.

21. He responded that H.R no longer used that rule which keeps test score and resume valid only for one year.

**ANSWER:** RFA denies the allegations contained in the twenty-first sentence of the Complaint.

22. I believed I could do much better this time since I had had a lot of improvements.

**ANSWER:** RFA denies the allegations contained in the twenty-second sentence of the Complaint.

23. Unfortunately, I was not allowed to prove.

**ANSWER:** RFA denies the allegations contained in the twenty-third sentence of the Complaint.

24. I felt something was fishy when I was told H.R changed the rule.

**ANSWER:** RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "felt something was fishy" and therefore denies that allegation. RFA denies the remaining allegations contained in the twenty-fourth sentence of the Complaint.

25.    The test score Mr. Thinn had said to use was long before I had started to work in R.F.A.

**ANSWER:**  RFA admits that Mr. Thinn said the test would be used, and that Plaintiff took the test before he started to work for RFA.  RFA denies the remaining allegations contained in the twenty-fifth sentence of the Complaint.

26.    I was not allowed to take the test although I met requirements.

**ANSWER:**  RFA denies the allegations contained in the twenty-sixth sentence of the Complaint.

27.    On 22nd October, Mr. Thinn informed me that a woman named Kyi Kyi Than had been chosen for the position.

**ANSWER:**  RFA admits the allegations contained in the twenty-seventh sentence of the Complaint.

28.    I was very shocked when I got the news.

**ANSWER:**  RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the twenty-eighth sentence of the Complaint and therefore denies those allegations.

29.    I had already been with Burmese service for more than a year at that time.

**ANSWER:**  RFA admits that Plaintiff worked in the capacity of an independent contractor in RFA's Burmese Language Service for over one year as of

October 22, 2003. RFA denies the remaining allegations contained in the twenty-ninth sentence of the Complaint.

30.    My weekly feature was recognized in the audience survey.

**ANSWER:**  RFA admits that Plaintiff's science and technology feature was referenced in surveys of RFA listeners in Mandalay and rural areas of Burma conducted in 2003. RFA denies the remaining allegations contained in the thirtieth sentence of the Complaint.

31.    Everyone in the service knew that I could do this job well.

**ANSWER:**  RFA denies the allegations contained in the thirty-first sentence of the Complaint.

32.    I got along with everybody.

**ANSWER:**  RFA denies the allegations contained in the thirty-second sentence of the Complaint.

33.    I was well liked by editors and broadcasters.

**ANSWER:**  RFA denies the allegations contained in the thirty-third sentence of the Complaint.

34.    Since I wanted to know if there was anything I needed to improve, I called Ms. Shwe, deputy director on 22nd November.

**ANSWER:** RFA admits that on November 22, 2003, Plaintiff contacted Nancy Shwe, Deputy Director of the Burmese Language Service. RFA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the thirty-fourth sentence of the Complaint and therefore denies those allegations.

35. She said that interview was fine and I did not have any kind of weakness to be considered.

**ANSWER:** RFA admits that Ms. Shwe said the interview was fine. RFA denies the remaining allegations contained in the thirty-fifth sentence of the Complaint.

36. I felt frustrated.

**ANSWER:** RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the thirty-sixth sentence of the Complaint and therefore denies those allegations.

37. K K (sic) Than does not have broadcasting experiences at all and has made significant translation errors while working.

**ANSWER:** RFA admits that Kyi Kyi Than did not have broadcasting experience prior to commencing work as a full-time International Broadcaster with RFA. RFA denies the remaining allegations contained in the thirty-seventh sentence of the Complaint.

38.    I believe she was chosen for that position because she is a woman.

**ANSWER:**   RFA denies that Ms. Than was chosen for the International Broadcaster position on account of her gender.  RFA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the thirty-eighth sentence of the Complaint and therefore denies those allegations.

39.    Moreover, she was given Grade II broadcaster position at the entry level without having any job related expertise or experience.

**ANSWER:**   RFA admits that Ms. Than worked in a Grade II International Broadcaster position for RFA.  RFA denies the remaining allegations contained in the thirty-ninth sentence of the Complaint.

40.    Everybody in the Burmese service has to start as a Grade I broadcaster when they join Radio Free Asia at the entry level.

**ANSWER:**   RFA denies the allegations contained in the fortieth sentence of the Complaint.

41.    But, she was given special favors in the hiring process at that time and started to work as a Grade II broadcaster.

**ANSWER:**   RFA admits that Ms. Than started working in a Grade II International Broadcaster position for RFA.  RFA denies the remaining allegations contained in the forty-first sentence of the Complaint.

42.    Mr. Thinn knew that Kyi Kyi Than did not have any experience in broadcasting.

**ANSWER:**  RFA admits the allegations contained in the forty-second sentence of the Complaint.

43.    He also changed the test rule and I was not even allowed to take the test.

**ANSWER:**  RFA denies the allegations contained in the forty-third sentence of the Complaint.

44.    Everybody in the service knew I could do the job well.

**ANSWER:**  RFA denies the allegations contained in the forty-fourth sentence of the Complaint.

45.    All of them knew I had computer, broadcasting electronics and software skills.

**ANSWER:**  RFA denies the allegations contained in the forty-fifth sentence of the Complaint.

46.    I strongly believe that I am eligible and qualified for this job.

**ANSWER:**  RFA denies that Plaintiff was qualified for the International Broadcaster position in the Burmese Language Service.  RFA lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in the forty-sixth sentence of the Complaint and therefore

denies those allegations.

> 47.    Even though I was unfairly treated like this, I continued to work
> as a part-time broadcaster and weekly contributor since I love
> what I have been doing for many months.

**ANSWER:**    RFA admits that Plaintiff continued to work as a

broadcaster in RFA's Burmese Language Service in the capacity of an independent

contractor.  RFA lacks knowledge or information sufficient to form a belief as to the

truth of the allegation that Plaintiff "love[d] what [he has] been doing for many

months" and therefore denies that allegation.  RFA denies the remaining

allegations contained in the forty-seventh sentence of the Complaint.

> 48.    I kept my good work ethics unchanged.

**ANSWER:**    RFA denies the allegations contained in the forty-eighth

sentence of the Complaint.

> 49.    "My Science and Technology program was well recognized and
> liked according to the audience survey conducted in Burma in
> 2003."

**ANSWER:**    RFA admits that Plaintiff's science and technology feature

was recognized as one of RFA's best non-current affairs programs in a 2003 survey

of RFA listeners in Mandalay.  RFA denies the remaining allegations contained in

the forty-ninth sentence of the Complaint.

50.    My news translations and broadcastings never failed in quality.

**ANSWER:**    RFA denies the allegations contained in the fiftieth

sentence of the Complaint.


51.    I have had a proven record.

**ANSWER:**    RFA denies the allegations contained in the fifty-first

sentence of the Complaint.


### PARAGRAPH B

52.    Since I believed I had been discriminated in the hiring process
by R.F.A, I started to contact Equal Employment Opportunity
Commission Washington Field Office on April 1, 2004.

**ANSWER:**    RFA denies that it illegally discriminated against the

Plaintiff in the hiring process.  RFA lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in the fifty-

second sentence of the Complaint and therefore denies those allegations.


53.    I was given a date to come in for intake interview at E.E.O.C
office in Washington D C.

**ANSWER:**    RFA lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in the fifty-third sentence of the

Complaint and therefore denies those allegations.


54.    The date given was June 17, 2004 and I filed my complaint with
E.E.O.C on that day after intake interview.

**ANSWER:** RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifty-fourth sentence of the Complaint and therefore denies those allegations.

55. I was told by the case intake officer that she's going to send me the charging document in the mail to be signed and returned to her office.

**ANSWER:** RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifty-fifth sentence of the Complaint and therefore denies those allegations.

56. But, it did not arrive until August, 2004.

**ANSWER:** RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifty-sixth sentence of the Complaint and therefore denies those allegations.

57. I informed my case intake officer on August 19, 2004 that I had not receive anything.

**ANSWER:** RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifty-seventh sentence of the Complaint and therefore denies those allegations.

58. She followed up my information and I received charging document a few days later and returned.

**ANSWER:** RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifty-eighth sentence of the Complaint and therefore denies those allegations.

59. After filing with E.E.O.C, I started to notice in September, 2004 that my work hours were suddenly cut back.

**ANSWER:** RFA denies the allegations contained in the fifty-ninth sentence of the Complaint.

60. And at the end of September 2004, I was terminated from part-time broadcaster position by R.F.A.

**ANSWER:** RFA denies the allegations contained in the sixtieth sentence of the Complaint.

61. Soe Thinn, Burmese service director, told me on October 2, 2004 that my contract would not be renewed.

**ANSWER:** RFA admits that on October 2, 2004, Soe Thinn, the director of RFA's Burmese Language Service, told Plaintiff that one of his contracts would not be renewed. RFA denies the remaining allegations contained in the sixty-first sentence of the Complaint.

62. And, he said to me that this decision came from senior management.

**ANSWER:** RFA denies the allegations contained in the sixty-second sentence of the Complaint.

63.     I strongly believed that I was terminated from part-time broadcaster position in retaliation for filing a complaint with E.E.O.C.

**ANSWER:**   RFA denies the allegations contained in the sixty-third sentence of the Complaint.

64.     While working as a part-time radio broadcaster since May, 2002, I have tried hard and proven (sic) I could do the job well.

**ANSWER:**   RFA admits that Plaintiff has worked as a broadcaster in RFA's Burmese Language Service in the capacity of an independent contractor since May 2002 and has performed well on some job tasks.   RFA denies the remaining allegations contained in the sixty-fourth sentence of the Complaint.

65.     Despite my utmost efforts, I was terminated when I filed a complaint with E.E.O.C.

**ANSWER:**   RFA denies the allegations contained in the sixty-fifth sentence of the Complaint.

## PARAGRAPH C

66.     In February, 2005, E.E.O.C informed me their decision which was my right to sue Radio Free Asia.

**ANSWER:**   RFA admits the allegations contained in the sixty-sixth sentence of the Complaint.

67.    At the advice of legal counsel, I filed a new charge against R.F.A for retaliation with E.E.O.C Washington Office on March 22, 2005.

**ANSWER:**   RFA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixty-seventh sentence of the Complaint and therefore denies those allegations, except that RFA admits that Plaintiff filed a charge of discrimination against RFA with the Equal Employment Opportunity Commission on or about March 22, 2005, in which Plaintiff alleged that he was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

68.    E.E.O.C issued me their decision in April, 2005 with regard to my new charge.

**ANSWER:**   RFA admits the allegations contained in the sixty-eighth sentence of the Complaint.

69.    That was my right to sue R.F.A. for retaliation.

**ANSWER:**   RFA admits the allegations contained in the sixty-ninth sentence of the Complaint.

70.    Based upon these facts mentioned above, a wrong has been done and my civil rights are violated by Radio Free Asia.

**ANSWER:**   RFA denies the allegations contained in the seventieth sentence of the Complaint.

71.    Therefore, I humbly implore D.C Superior Court to rule in my favor for the lost wages, legal fees and emotional stress I have endured during all these years.

**ANSWER:**  RFA denies the allegations contained in the seventy-first sentence of the Complaint, and specifically denies that Plaintiff is entitled to any judgment against it, or any of the relief requested in the Complaint.

All allegations contained in the Complaint not otherwise fully and specifically admitted, denied, qualified, or otherwise responded to are hereby denied.

<u>THIRD DEFENSE</u>

Plaintiff's claims are barred based on the failure of the Complaint to allege a sufficient factual and/or legal basis for damages.

<u>FOURTH DEFENSE</u>

Plaintiff's claims are barred because the employment decisions about which he complains were based on legitimate, non-discriminatory, non-retaliatory factors.

<u>FIFTH DEFENSE</u>

Plaintiff's discrimination claim is barred, in whole or in part, to the extent it is intended to seek relief for events outside the applicable statute of limitations.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because RFA would have made the same decisions with or without consideration of any impermissible motivating factors.

### SEVENTH DEFENSE

Plaintiff's claims are, or may be, barred, in whole or in part, to the extent that Plaintiff failed to mitigate his damages.

### ADDITIONAL DEFENSES

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver, mistake, set-off, unclean hands and by any equitable or other defenses found to be factually merited during the course of discovery in, or trial of, this action.

WHEREFORE, RFA respectfully requests that the Complaint be dismissed with prejudice and that costs and such further or additional relief as the Court deems appropriate be awarded to RFA.

Respectfully submitted,

HOGAN & HARTSON L.L.P.

_____
Gil A. Abramson (Bar # 237994)
111 South Calvert Street, Suite 1600
Baltimore, MD 21202
(410) 659-2700 (telephone)
(410) 539-6981 (facsimile)

Gregory M. Petouvis (Bar # 477600)
555 13th Street, N.W.
Washington, D.C. 20004
(202) 637-5600 (telephone)
(202) 637-5910 (facsimile)

Counsel for Defendant
Radio Free Asia

Date: May 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was

served by first class U.S. mail, postage pre-paid, this 24th day of May, 2005, on:

Mr. Khin Maung Than
8239 Anderson Drive
Fairfax, Virginia 22031

_____
Gregory M. Petouvis