IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KHIN MAUNG THAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No:  1:05-CV-01042 (RMU) |
| RADIO FREE ASIA, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT SUBMISSION PURSUANT TO LOCAL RULE 16.3

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d), the parties hereby respectfully submit this report outlining each party's positions and proposals with respect to the issues discussed during the Rule 26(f) conference.  The parties have discussed in good faith each of the issues set forth in FRCP 26(f) and Local Rule 16.3(c).  Descriptions of the parties' respective positions as to each issue set forth in Local Rule 16.3(c) are set forth below.

Plaintiff, Khin Maung Than, has filed a lawsuit against Defendant, Radio Free Asia.  Plaintiff presently asserts that Defendant discriminated against him on the basis of sex and engaged in retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964, thereby causing injury to Plaintiff.  Because this action contains a federal question, this  Court has jurisdiction over the case and all causes of action and defenses related thereto pursuant to 28 U.S.C. § 1331.

**1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiff:    Plaintiff does not believe that the case is likely to be disposed of by

dispositive motion.

Defendant:    Defendant believes the case is likely to be disposed of by summary

judgment.  No dispositive motion has been filed.


**2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

Plaintiff proposes to file a motion to amend the complaint within 60 days of the

Rule 16 status conference (*i.e*., by January 6, 2006).  Plaintiff proposes to provide

Defendant with a draft of the proposed amended complaint before  such motion is filed.

The parties agree that, if Defendant has no objection to Plaintiff filing the amended

complaint or if the Court grants Plaintiff's motion to amend the complaint

notwithstanding any objection by Defendant, then Defendant shall have 45 days from the

date of filing of the amended complaint to answer or otherwise respond.


**3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the case should not be assigned to a magistrate judge for  all

purposes.

**4.      Whether there is a realistic possibility of settling the case.**

The parties are unable to reach a conclusion at this stage as to the possibility of

settlement.

**5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

While neither party has an objection to engaging in mediation, it is

doubtful that mediation at this early stage would be successful.

Plaintiff:      Plaintiff's counsel have discussed ADR with their client and the above

statement reflects their client's position.

Defendant:      Defendant's counsel has discussed ADR with their client and the above

statement reflects their client's position.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions**.

See response to item 1, above.  The parties agree the deadline for filing

dispositive motions should be 60 days after discovery has been completed.

**7.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to stipulate to dispense with initial disclosures.

**8.    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree on the following schedule and limitations for discovery: (1) fact discovery should  close either 120 days from (a) the date Defendant files its amended answer or otherwise responds to Plaintiff's amended complaint, or (b) the date on which the Court enters an order denying Plaintiff's motion to file an amended complaint, as the case may be, or on June 30, 2006, whichever is later; (2) the limits placed on discovery should be the presumptive limits imposed by Rules 30 and 33 of the Federal Rules of Civil Procedure (maximum 10 depositions, maximum 25 interrogatories); and (3) although a protective order is not currently required, Defendant reserves the right to request a protective order should it be appropriate.

**9.    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that the requirement of exchange reports and information pursuant to Rule 26(a)(2), F.R.Civ.P. should not be modified.  Depositions of experts, if any, should occur within 30 days of the close of discovery.

**10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not Applicable.

**11.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that the trial and/or discovery should not be bifurcated or managed in phases.

**12.     The date for a pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that a pretrial conference be held within 45 days of the Court's ruling on any motion for summary judgment, or within 45 days of the close of discovery if no motion for summary judgment is filed.

**13.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the Court should provide that a trial date will be set at the pretrial conference.

**14.     Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiff:     None at this time.

Defendant:     None at this time.

Respectfully Submitted,


/s/ Steven G. Reade
Steven G. Reade (DC Bar No. 370778)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206
(202) 942-5000 (phone)
(202) 942-5999 (fax)

Counsel for Plaintiff



/s/ Gil A. Abramson
Gil A. Abramson (DC Bar No. 237994)
HOGAN & HARTSON LLP
111 South Calvert Street
Baltimore, MD 21202
(410) 659-2723 (phone)
(410) 539-6981 (fax)

/s/ Gregory Petouvis
Gregory Petouvis (DC Bar No. 477600)
HOGAN & HARTSON LLP
555 13th Street, N.W.
Washington, DC 20004
(202) 637-6987 (phone)
(202) 637- 5910 (fax)

Counsel for Defendant



Dated:  October 31, 2005