IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHIN MAUNG THAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 1:05-CV-01042 (RMU) |
| RADIO FREE ASIA, | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Pursuant to Fed.R.Civ.P. 15(a) and Local Rule 15.1, Plaintiff Khin Maung Than hereby moves to amend his complaint and to have the attached Amended Complaint ordered filed in accordance with Rule 15(a)'s mandate that such "leave shall be freely given when justice so requires." Counsel for Plaintiff has requested consent from counsel for Defendant, but Defendant's counsel has not yet responded.

Filing of the Amended Complaint is necessary in order for justice to be done, will increase judicial economy, and will cause no prejudice to any party or to the Court. The original complaint was filed by Plaintiff acting pro se. The Amended Complaint restates Plaintiff's pro se complaint in a standard format and clarifies the claims made therein. The Amended Complaint also adds claims under the District of Columbia Human Rights Act as well as a claim under the common law. These changes were made so as to allow for appropriate relief to be entered as a remedy for the injuries suffered by Mr. Than.

The restatement of the pro se complaint in a standard format creates absolutely no prejudice to Defendant Radio Free Asia because the Amended Complaint merely clarifies the claims already made by Plaintiff in the pro se complaint.  The addition of claims under the common law and under the District of Columbia Human Rights Act creates absolutely no prejudice to Defendant Radio Free Asia because they arise under the exact same set of facts that are already at issue in this case.

Accordingly, Plaintiff respectfully requests that this motion be granted and that he be permitted to amend his complaint.

A proposed Order is attached.

Respectfully submitted,

**/s/ Rhonda L. Stewart**

Steven G. Reade (DC Bar No. 370778)
Rhonda L. Stewart (DC Bar No. 493702)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Tel:  (202) 942-5000
Fax: (202) 942-5999

Dated:  January 6, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
KHIN MAUNG THAN,                    )
                                    )
        Plaintiff,                  )
                                    )
   v.                               )
                                    )   Case No: 1:05-CV-01042 (RMU)
RADIO FREE ASIA,                    )
                                    )
        Defendant.                  )
_____ )
```

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, Mr. Khin Maung Than, through undersigned counsel, respectfully submits this Amended Complaint against Defendant, seeking redress for willful and malicious harms committed during and arising out of Mr. Than's employment by Defendant Radio Free Asia. As described in detail below, Mr. Than was discriminated against in the terms and conditions of his employment because of his sex. As retaliation for reporting this unlawful discrimination to the United States Equal Employment Opportunity Commission ("EEOC"), Defendant refused to renew Mr. Than's part-time broadcasting contract.

In support of his Amended Complaint, Mr. Than alleges and states as follows:

1. This is an action alleging discrimination on the basis of sex and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*. This action seeks, among other remedies, compensatory (including, but not limited to, back pay, front pay, and pain and suffering) and punitive damages against Defendant.

## PARTIES

2. Mr. Than is a male, a resident and citizen of the State of Virginia, and a current employee of Defendant.

3. Upon information and belief, Defendant Radio Free Asia is a private, non-profit corporation that is incorporated in the District of Columbia, and is headquartered at 2025 M Street NW, Suite 300, Washington, DC 20036.

4. Under 42 U.S.C. § 1981a(b)(3), compensatory and punitive damages may be awarded where the respondent employs more than 200 employees. Upon information and belief, Defendant Radio Free Asia employs more than 200 people.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f).

6. Venue is proper in this District under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f), as the actions and unlawful employment practices alleged herein were committed in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Mr. Than has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

8. On or about April 1, 2004, Mr. Than first contacted the EEOC's Washington Field Office to complain of Defendant's unlawful sex discrimination against him. On or about that same date, Mr. Than was given a June 17, 2004 appointment to meet with an EEOC intake investigator.

9. On or about June 17, 2004, Mr. Than completed an intake interview at the EEOC Washington Field Office.

10. On or about June 18, 2004, Mr. Than intended and timely attempted to file a formal charge of discrimination with the EEOC.

11. At a meeting on or about June 18, 2004, Mr. Than timely indicated to the EEOC investigator who had conducted his intake interview that he wished to file a formal charge of discrimination with the EEOC. On or about that same date, Mr. Than was informed by the EEOC investigator that a formal charge alleging sex discrimination by Defendant would be drafted and mailed to him for his signature within two weeks.

12. Upon information and belief, the EEOC failed to timely mail Mr. Than this charge of discrimination due to the Washington Field Office's relocation from 1400 L Street NW, Suite 200, Washington, DC 20005, to 1801 L Street NW, Suite 100, Washington, DC 20507, at some time shortly after June 18, 2004.

13. On or about August 19, 2004, Mr. Than contacted the EEOC investigator to inquire about the status of the charge of discrimination. On or about that same date, the EEOC investigator assigned to his case, Theresa B. Kerns, informed Mr. Than that due to the relocation of the Field Office, there was some confusion regarding the charge and that she would send a copy of it to Mr. Than.

14. On or about August 23, 2004, Mr. Than received a charge of discrimination dated August 19, 2004 in the mail, which he promptly signed and returned to the EEOC.

15. Accordingly, on or about August 19, 2004, Mr. Than filed a formal charge of sex discrimination with the EEOC, which was jointly filed with the District of Columbia Office of Human Rights ("DCOHR").

16. Mr. Than promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter.

17. The EEOC issued a Notice of Right to Sue letter on February 4, 2005. A copy of this notice is attached to this amended complaint as Exhibit A.

18. On or about March 25, 2005, Mr. Than timely filed a charge of retaliation against Defendant with the EEOC.

19. Upon information and belief, the EEOC considered that retaliation charge a continuation of his initial sex discrimination complaint.

20. Mr. Than promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter.

21. The EEOC issued a second Right to Sue letter pertaining to Mr. Than's retaliation claim on April 18, 2005. A copy of this notice is attached to this amended complaint as Exhibit B.

22. Mr. Than has timely and properly exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action.

## FACTS

**Mr. Than's Employment with Radio Free Asia**

23. Mr. Than was born in Burma. After attending medical school in Burma, Mr. Than sought political asylum in the United States. Mr. Than emigrated to the United States in 1997.

24. Mr. Than initially applied for a broadcaster position with Defendant in late 1998. Upon information and belief, at that time, Defendant did not have any broadcaster

positions available but informed Mr. Than that his application would be kept on file for one year.

25. In order to qualify for a broadcaster position, Mr. Than was required to take a qualification exam demonstrating his English proficiency.

26. Mr. Than took the qualification exam in the Spring of 2001. Mr. Than passed the language test.

27. Upon information and belief, a part-time broadcaster position opened up in the Spring of 2002. Defendant hired Mr. Than as a part-time broadcaster in or around May of 2002.

28. Mr. Than is currently employed by Defendant as a part-time broadcaster.

29. Mr. Than worked under the supervision of Burmese Language Service Director Soe Thinn.

30. From in or around May of 2002 to the present, Mr. Than has worked approximately three days per week pursuant to a yearly contract translating news reports from Burmese to English and broadcasting said reports. Pursuant to this contract, Defendant paid Mr. Than at a rate of $15.00 per hour.

31. In or around June of 2002, Soe Thinn granted Mr. Than permission to create and broadcast Mr. Than's own weekly radio feature on science and technology in response to a request by Mr. Than.

32. In or around October of 2002, Mr. Than began broadcasting his weekly science and technology feature as an "outside contributor." Pursuant to a yearly contract, Mr. Than was paid at a rate of $75 per feature.

33. Mr. Than's weekly science and technology feature was rated as one of Defendant's best non-current affairs programs in a listener survey conducted in Burma in 2003. Throughout the course of his employment by Defendant, Mr. Than has never received a negative performance evaluation.

**Defendant's Refusal to Hire Mr. Than for the Full-Time Broadcaster Position**

34. In or around July of 2003, Mr. Than applied for a vacant full-time broadcaster position with Defendant by submitting a cover letter and resume to the Human Resources department.

35. Upon information and belief, the minimal qualifications for this position were: (a) a bachelor's degree from an accredited college or university, (b) one year of experience in radio broadcasting and/or specialized journalism, and (c) proof of work eligibility.

36. Mr. Than fulfilled these stated requirements.

37. Applicants for this position were also required to take a test that measured mastery of the English language. Upon information and belief, the test is graded pass/fail.

38. Defendant never notified Mr. Than of a date on which he could take this test.

39. On or about August 13, 2003, Mr. Than asked Tamara Bagley, Defendant's Human Resources Specialist, when he could take the test. Ms. Bagley informed Mr. Than that no test date had been set yet, but stated that she would inform him of the test date once it had been set.

40. Ms. Bagley never contacted Mr. Than with any information regarding the test.

41. On or about September 10, 2003, Mr. Than next asked Soe Thinn why he was not permitted to take the test. Soe Thinn informed Mr. Than that he did not need to take the test as his score from the previous test that he took in early to mid-2001 would be taken into consideration. As stated above, Mr. Than had passed the examination that he took in the Spring of 2001.

42. Mr. Than expressed his understanding that his prior test score was good for only one year from the date of the test, and was informed by Soe Thinn that that rule was no longer in effect.

43. Despite Mr. Than's desire to retake the test since more than a year had passed and since he had gained valuable work experience through his employment by Defendant, he was never provided the opportunity to retake the test.

44. On or about October 14, 2003, Mr. Than was interviewed for the full-time broadcaster position by Soe Thinn and Nancy Shwe, Deputy Director of the Burmese Language Service.

45. Upon information and belief, applicants for full-time broadcaster positions are typically interviewed by Soe Thinn, Tamara Bagley, and Dan Sutherland, Vice President of Radio Free Asia.

46. Despite his extensive experience and training, Mr. Than was not offered the position of full-time broadcaster. Mr. Than was given no explanation for this decision.

47. Upon information and belief, in November 2003, the position was offered to Ms. Kyi Kyi Than (who is not related to Mr. Than), who was less qualified for the position than Mr. Than. Upon information and belief, Ms. Than accepted the offer as full-time broadcaster.

7

**Defendant's Refusal to Renew Mr. Than's Employment Contract**

48. On February 23, 2004, Mr. Than wrote to the Inspector General of the Broadcasting Board of Governors to complain of Defendant's hiring of Ms. Kyi Kyi Than for the full-time broadcaster position.

49. Kenneth Y. Tomlinson, Chairman of the Broadcasting Board of Governors replied by letter dated April 21, 2004.  Mr. Tomlinson stated in his letter that the Board of Governors believed the hiring of Ms. Kyi Kyi Than to be satisfactory, but otherwise gave no explanation for the decision not to hire Mr. Than for this position.

50. As detailed above, Mr. Than initially contacted the EEOC in April of 2004 to complain of Defendant's failure to hire him for the full-time broadcaster position.

51. As detailed above, Mr. Than's formal charge of discrimination was filed on or about August 19, 2004.

52. In or around late September of 2004, a few weeks after his formal charge was filed with the EEOC, Mr. Than's part-time broadcasting hours were cut from ten to four hours per week.  Also in that month, Soe Thinn cancelled Mr. Than's access card to enter Defendant's premises and informed Mr. Than that he would have to record his radio broadcasts via phone and not in Defendant's recording studio(s).  Phone recording of the radio broadcasts resulted in decreased sound quality versus studio recording.  No justification was provided for these actions.

53. On or about October 2, 2004, Soe Thinn informed Mr. Than that his science and technology broadcasting contract, which was scheduled to expire on September 30, 2004, would not be renewed by Defendant.

54. At no time prior to the expiration of this contract or at the time the contract expired did Defendant criticize Mr. Than's work or indicate that it was anything less than satisfactory. Instead, Mr. Than had received accolades for his science and technology program, which was the subject of the contract Defendant failed to renew.

55. Since October 2004, Mr. Than has suffered a reduction in his income and future earning capacity as a result of Defendant's unlawful actions. Mr. Than has also suffered humiliation, depression, problems sleeping, nightmares, anxiety, and lack of self-esteem. Mr. Than has also lost confidence in his ability to work effectively.

## COUNT I
## SEX DISCRIMINATION -- TITLE VII

56. Mr. Than hereby incorporates paragraphs 1-55 as if fully stated herein.

57. As noted above, Mr. Than is a member of a protected group under Title VII, male.

58. As described above, Defendant has discriminated against Mr. Than in the terms and conditions of his employment by denying Mr. Than the position of full-time broadcaster, for which he was qualified, in favor of a less-qualified woman.

59. Defendant, by and through its agents, discriminated against Mr. Than in violation of Mr. Than's rights under Title VII § 703, 42 U.S.C. § 2000e-2.

60. As a result of Defendant's unlawful conduct in denying Mr. Than the position of full-time broadcaster, Mr. Than has experienced a loss of income, emotional distress, and incurred other damages.

61. As a result of Defendant's unlawful conduct, Defendant is liable to Mr. Than for compensatory and punitive damages

## COUNT II
## RETALIATION -- TITLE VII

62. Mr. Than hereby incorporates paragraphs 1-61 as if fully stated herein.

63. As noted above, Mr. Than is a member of a protected group under Title VII, male.

64. As described above, within a month of Mr. Than's filing a charge against Defendant with the EEOC, which is a protected activity under Title VII, Defendant began to take adverse action against Mr. Than. Specifically, Defendant retaliated against Mr. Than by reducing his work hours and wrongfully failing to renew his contract for the science and technology broadcasting position.

65. Defendant, by and through its agents, has retaliated against Mr. Than in violation of Mr. Than's rights under Title VII § 704, 42 U.S.C. § 2000e-3.

66. As a result of Defendant's unlawful conduct in reducing Mr. Than's work hours and wrongfully failing to renew his contract for the science and technology broadcasting position, Mr. Than has experienced a loss of income, emotional distress, and incurred other damages.

67. As a result of Defendant's unlawful conduct, Defendant is liable to Mr. Than for compensatory and punitive damages.

## COUNT III
## SEX DISCRIMINATION -- DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

68. Mr. Than hereby incorporates paragraphs 1-67 as if fully stated herein.

69. Defendant, by and through its agents, has discriminated against Mr. Than in violation of Mr. Than's rights under the District of Columbia Human Rights Act, D.C. Code Ann. § 2-1402.11.

70. As a result of Defendant's unlawful conduct, Defendant is liable to Mr. Than for compensatory and punitive damages.

## COUNT IV
## RETALIATION -- DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

71. Mr. Than hereby incorporates paragraphs 1-70 as if fully stated herein.

72. Defendant, by and through its agents, has retaliated against Mr. Than in violation of Mr. Than's rights under the District of Columbia Human Rights Act, D.C. Code Ann. § 2-1402.61.

73. As a result of Defendant's unlawful conduct, Defendant is liable to Mr. Than for compensatory and punitive damages.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. Mr. Than hereby incorporates paragraphs 1-73 as if fully stated herein.

75. By failing to hire Mr. Than for the full-time broadcaster position and by retaliating against Mr. Than in violation of his civil rights, Defendant has engaged in outrageous conduct and intentionally caused Mr. Than severe emotional distress.

76. As a result of Defendant's unlawful conduct, Defendant is liable to Mr. Than for compensatory and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Than respectfully prays that this Court render judgment in his favor on all counts, and grant the following relief:

1. Award reinstatement of his part-time science and technology broadcasting position;

2. Award back pay and reasonable front pay;

3. Award other compensatory damages in an amount to be determined;

4. Award punitive damages in an amount to be determined;

5. Award pre-judgment and post-judgment interest on all monetary awards;

6. Award reasonable attorneys' fees and the costs of this action, including expert fees; and

7. Order such other and further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff, by and through the undersigned counsel, hereby demands a trial by jury on all issues in this Complaint.

Respectfully submitted,

**/s/ Rhonda L. Stewart**

Steven G. Reade (DC Bar No. 370778)
Rhonda L. Stewart (DC Bar No. 493702)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Tel: (202) 942-5000
Fax: (202) 942-5999

Dated: January 6, 2006