IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
KHIN MAUNG THAN,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )   Case No:  1:05-CV-01042 (RMU)
RADIO FREE ASIA,                    )
                                    )
        Defendant.                  )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR MODIFICATION OF SCHEDULING ORDER**

On January 20, 2006, Defendant Radio Free Asia ("RFA") filed a motion seeking to modify the Court's November 7, 2005 scheduling order.  As explained below, although Plaintiff agrees that good cause exists for modification of the scheduling order, Defendant's suggested modification would cause undue delay, and would cause undue prejudice to Plaintiff.  Plaintiff therefore submits this response consenting to Defendant's proposed modification subject to the caveats contained herein.

In its motion, Defendant proposes bifurcation of the discovery process into two phases.  *See* Def.'s Mot. For Modification of Scheduling Order.  Phase I would focus on the timeliness of Plaintiff's EEOC filing, while Phase II would be comprised of discovery related to the merits of Plaintiff's claims.  *Id*.  Defendant proposes that Phase II of the discovery process be stayed until (1) the parties engage in another Rule 16.3(c) status conference, and (2) the Court enters a new scheduling order.  *Id*.  Thus, commencement of Phase II of the discovery schedule would be open-ended.

Plaintiff believes that such an open-ended discovery schedule would be inefficient and prejudice Plaintiff's right to a reasonably expeditious resolution of his case. Defendant's proposed modification of the scheduling order would delay exploration into the merits of Plaintiff's claims by several months .  In addition, Defendant's proposed modification would require the Court to reconsider the parties' discovery schedule before Phase II discovery may take place, thereby requiring additional expenditure of the Court's time and resources.

Accordingly, although Plaintiff consents to bifurcating discovery, Plaintiff proposes the following modifications to the discovery schedule as set forth by Defendant. First, Plaintiff proposes that, during Phase I of discovery, Plaintiff shall be permitted to serve document requests and interrogatories on the merits of Plaintiff's claims.  Second, the Court's original scheduling order shall remain in place, save that the close of merits discovery shall be pushed back 60 days to August 30, 2006, with all other subsequent deadlines and events moving a like amount.

Respectfully submitted,

/s/ **Rhonda L. Stewart**

Steven G. Reade (DC Bar No. 370778)
Rhonda L. Stewart (DC Bar No. 493702)
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Tel:  (202) 942-5000
Fax: (202) 942-5999

Dated:  February 1, 2006