IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHIN MAUNG THAN, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 1:05CV01042 <br> ) |
| RADIO FREE ASIA, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR MODIFICATION OF SCHEDULING ORDER

Plaintiff's alternative proposal regarding modification of this Court's scheduling order fails to address the underlying purpose of Defendant's motion, which is to avoid the needless waste of the parties' resources which would result from conducting merits discovery on potentially time-barred claims. Under Defendant's proposal, this Court would be given the opportunity to dispose of untimely claims before the parties invest substantial time and effort into conducting merits discovery. In contrast, under Plaintiff's proposal, Plaintiff would be permitted to serve (and Defendant would be required to respond to) document requests and interrogatories concerning the merits of Plaintiff's claims at the same time that the parties are conducting discovery on timeliness issues.[1] Then, immediately after the close of Phase I discovery—but <u>before</u> Defendant is required to submit any dispositive motion on timeliness grounds—Plaintiff would be permitted to depose numerous witnesses in an effort to seek further discovery on the merits.

---

[1] Without explanation, Plaintiff's proposal only would permit Plaintiff (and not Defendant) to serve written merits discovery during the Phase I discovery period. In the event that this Court is inclined to grant's Plaintiff's proposal, Defendant respectfully requests that it be given the right to conduct merits discovery under the same terms as Plaintiff.

   Plaintiff offers no compelling reason why merits discovery must be conducted in such an accelerated manner. If anything, Plaintiff has shown little haste in advancing his claims against Defendant in the instant matter. For example, Plaintiff waited over 300 days before filing his initial Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.[2] Moreover, Plaintiff's Complaint with the District of Columbia Superior Court (which was later removed by Defendant to this Court) was filed nearly nine months ago. Quite simply, any burden associated with postponing merits discovery is clearly outweighed by the potential cost and time savings which would result should merits discovery on some of Plaintiff's claims prove unnecessary.

   For these and other reasons previously addressed, Defendant respectfully requests that this Court grant its Motion for Modification of Scheduling Order.

                By: /s/ Gil A. Abramson
                 Gil A. Abramson (# 237994)
                 HOGAN & HARTSON L.L.P.
                 111 South Calvert Street, Suite 1600
                 Baltimore, MD 21202
                 (410) 659-2700 (telephone)
                 (410) 539-6981 (facsimile)

                 Gregory M. Petouvis (#477600)
                 HOGAN & HARTSON L.L.P.
                 555 13th Street, N.W.
                 Washington, DC 20004
                 (202) 637-5600 (telephone)
                 (202) 637-5910 (facsimile)

                 Attorneys for Defendant

Dated: February 2, 2006

---

[2] It is this delay which provides the basis for Defendant's request for bifurcated discovery.

CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Reply in Support of Its Motion for Modification of Scheduling Order was served this 2nd day of February, 2006, via the Court's Electronic Case Filing System, upon:

Steven G. Reade
Rhonda L. Stewart
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202


/s/ Gregory M. Petouvis
Gregory M. Petouvis