## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KHIN MAUNG THAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:05-CV-01042 (RMU) |
| | ) | |
| | ) | |
| RADIO FREE ASIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT RADIO FREE ASIA'S
## ANSWER TO COMPLAINT

Defendant, Radio Free Asia ("RFA"), by and through its counsel, answers Plaintiff Khin Maung Than's Corrected Amended Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

In response to the specific allegations in the Corrected Amended Complaint, RFA, by and through its counsel, states as follows:

1.     RFA admits that Plaintiff has filed this Corrected Amended Complaint for the reason stated in the first sentence of the opening paragraph of

the Corrected Amended Complaint, but RFA denies the remaining allegations in the opening paragraph of the Corrected Amended Complaint.

2.    RFA admits the allegations contained in Paragraph 1 of the Corrected Amended Complaint but deny that Plaintiff is entitled to any of the remedies stated therein.

3.    RFA admits the allegations contained in Paragraph 2 of the Corrected Amended Complaint.

4.    RFA admits the allegations contained in Paragraph 3 of the Corrected Amended Complaint.

5.    RFA admits that it employs more than 200 people.  The remaining allegations contained in Paragraph 4 state a legal conclusion and do not require any further response.

6.    RFA admits the allegations contained in Paragraph 5 of the Corrected Amended Complaint.

7.    RFA admits the allegations contained in Paragraph 6 of the Corrected Amended Complaint.

8.    RFA denies the allegations contained in Paragraph 7 of the Corrected Amended Complaint.

9.    RFA is without knowledge sufficient either to admit or deny the allegations contained in Paragraph 8 of the Corrected Amended Complaint.

\\\BA - 65890/0016 - 191094 v2

10.    RFA is without knowledge sufficient either to admit or deny the allegations contained in Paragraph 9 of the Corrected Amended Complaint.

11.    RFA is without knowledge sufficient either to admit or deny the allegations contained in Paragraph 10 of the Corrected Amended Complaint.

12.    RFA is without knowledge sufficient either to admit or deny the allegations contained in Paragraph 11 of the Corrected Amended Complaint.

13.    RFA is without knowledge sufficient either to admit or deny the allegations contained in Paragraph 12 of the Corrected Amended Complaint.

14.    RFA is without knowledge sufficient either to admit or deny the allegations contained in Paragraph 13 of the Corrected Amended Complaint.

15.    RFA is without knowledge sufficient either to admit or deny the allegations contained in Paragraph 14 of the Corrected Amended Complaint.

16.    RFA admits that on or about August 19, 2004, Mr. Than filed a formal charge of sex discrimination with the EEOC, which was jointly filed with the District of Columbia Office of Human Rights ("DCOHR"), but denies the remaining allegations contained in Paragraph 15 of the Corrected Amended Complaint.

17.    RFA is without knowledge sufficient either to admit or deny the allegations contained in Paragraph 16 of the Corrected Amended Complaint.

18.    RFA admits the allegations contained in Paragraph 17 of the Corrected Amended Complaint.

\\\BA - 65890/0016 - 191094 v2

19.    RFA admits the allegations contained in Paragraph 18 of the Corrected Amended Complaint.

20.    RFA is without knowledge sufficient either to admit or deny the allegations contained in Paragraph 19 of the Corrected Amended Complaint.

21.    RFA is without knowledge sufficient either to admit or deny the allegations contained in Paragraph 20 of the Corrected Amended Complaint.

22.    RFA admits the allegations contained in Paragraph 21 of the Corrected Amended Complaint.

23.    RFA denies the allegations contained in Paragraph 22 of the Corrected Amended Complaint.

24.    RFA admits that Mr. Than attended medical school in Burma, but is without knowledge sufficient either to admit or deny the remaining allegations contained in Paragraph 23 of the Corrected Amended Complaint.

25.    RFA admits the allegations contained in Paragraph 24 of the Corrected Amended Complaint.

26.    RFA denies the allegations contained in Paragraph 25 of the Corrected Amended Complaint.

27.    RFA admits that Mr. Than took the examination in the Spring of 2001, but denies the remaining allegations contained in Paragraph 26 of the Corrected Amended Complaint.

28.     RFA admits that a part-time broadcaster position became available in the Spring of 2002, that RFA hired Mr. Than as a part-time broadcaster in or around May of 2002, but denies the remaining allegations contained in Paragraph 27 of the Corrected Amended Complaint.

29.     RFA admits that Mr. Than worked under the general supervision of Burmese Language Service Director Soe Thinn.

30.     RFA admits the allegations contained in Paragraph 29 of the Corrected Amended Complaint.

31.     RFA admits that in or around June of 2002, Soe Thinn granted Mr. Than permission to create and broadcast a weekly radio feature on science and technology in response to a request by Mr. Than, but denies the remaining allegations contained in Paragraph 30 of the Corrected Amended Complaint.

32.     RFA admits the allegations contained in Paragraph 31 of the Corrected Amended Complaint.

33.     RFA admits that Mr. Than's weekly science and technology feature was recognized as one of RFA's good non-current affairs program in a listener survey conducted in Burma in 2003, but denies the remaining allegations contained in Paragraph 32 of the Corrected Amended Complaint.

34.     RFA denies the allegations that may be contained in the bold heading prior to Paragraph 33 of the Corrected Amended Complaint.

\\\BA - 65890/0016 - 191094 v2

35.    RFA denies the allegations contained in Paragraph 33 of the Corrected Amended Complaint.

36.    RFA admits that some of the qualifications for this position were: (a) a bachelor's degree from an accredited college or university, (b) one year of experience in radio broadcasting and/or specialized journalism, and (c) proof of work eligibility, but denies the remaining allegations contained in Paragraph 34 of the Corrected Amended Complaint.

37.    RFA denies the allegations contained in Paragraph 35 of the Corrected Amended Complaint.

38.    RFA denies the allegations contained in Paragraph 36 of the Corrected Amended Complaint.

39.    RFA admits the allegations contained in Paragraph 37 of the Corrected Amended Complaint.

40.    RFA admits that on or about August 13, 2003, Mr. Than asked Tamara Bagley, RFA's Human Resources Specialist, when he could take the test, but denies the remaining allegations contained in Paragraph 38 of the Corrected Amended Complaint.

41.    RFA denies the allegations contained in Paragraph 39 of the Corrected Amended Complaint.

42.    RFA admits that on or about September 10, 2003, Mr. Than asked Soe Thinn why he was not permitted to take the test, that Soe Thinn

\\\BA - 65890/0016 - 191094 v2

informed Mr. Than that he did not need to take the test as his scores from the previous test that he took in early or mid-2001 would be taken into consideration, but denies the remaining allegations contained in Paragraph 40 of the Corrected Amended Complaint.

43.    RFA admits that Mr. Than expressed his understanding that his prior test score was good for only one year from the date of the test, but denies the remaining allegations contained in Paragraph 41 of the Corrected Amended Complaint.

44.    RFA admits that Mr. Than was never provided the opportunity to retake the test, but is without knowledge sufficient either to admit or deny the remaining allegations contained in Paragraph 42 of the Corrected Amended Complaint.

45.    RFA admits the allegations contained in Paragraph 43 of the Corrected Amended Complaint.

46.    RFA denies the allegations contained in Paragraph 44 of the Corrected Amended Complaint.

47.    RFA admits that Mr. Than was not offered the position of full-time broadcaster, but denies the remaining allegations contained in Paragraph 45 of the Corrected Amended Complaint.

48.    RFA admits that the position was offered to Ms. Kyi Kyi Than (who is not related to Mr. Than) and that she accepted the offer as a full-time

broadcaster, but denies the remaining allegations contained in Paragraph 46 of the Corrected Amended Complaint.

49.    RFA denies the allegations that may be contained in the heading prior to Paragraph 47 in the Corrected Amended Complaint.

50.    RFA admits that Mr. Than wrote to the Inspector General of the Broadcasting Board of Governors, but is without knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 47 of the Corrected Amended Complaint.

51.    RFA admits that Kenneth Y. Tomlinson, Chairman of the Broadcasting Board of Governors, replied by letter dated April 21, 2004, but assert that the letter referred to in Paragraph 48 of the Corrected Amended Complaint speaks for itself.

52.    RFA denies the allegations contained in Paragraph 49 of the Corrected Amended Complaint.

53.    RFA denies the allegations contained in Paragraph 50 of the Corrected Amended Complaint.

54.    RFA denies the allegations contained in Paragraph 51 of the Corrected Amended Complaint.

55.    RFA admits that in or around early October of 2004, Mr. Than was informed that he would have to record his science and technology broadcasts via phone and not in RFA's recording studio(s), that Mr. Than's access card to enter

RFA's premises was cancelled, but denies the remaining allegations contained in Paragraph 52 of the Corrected Amended Complaint.

56.    RFA admits the allegations contained in Paragraph 53 of the Corrected Amended Complaint.

57.    RFA denies the allegations contained in Paragraph 54 of the Corrected Amended Complaint.

58.    RFA denies the allegations contained in Paragraph 55 of the Corrected Amended Complaint.

59.    RFA hereby incorporates Paragraphs 1 through 58 of its Answer as if fully stated herein.

60.    RFA admits the allegations contained in Paragraph 57 of the Corrected Amended Complaint.

61.    RFA denies the allegations contained in Paragraph 58 of the Corrected Amended Complaint.

62.    RFA denies the allegations contained in Paragraph 59 of the Corrected Amended Complaint.

63.    RFA denies the allegations contained in Paragraph 60 of the Corrected Amended Complaint.

64.    RFA denies the allegations contained in Paragraph 61 of the Corrected Amended Complaint.

\\\BA - 65890/0016 - 191094 v2

65.    RFA hereby incorporates Paragraphs 1 through 64 of its Answer as if fully stated herein.

66.    RFA admits the allegations contained in Paragraph 63 of the Corrected Amended Complaint.

67.    RFA denies the allegations contained in Paragraph 64 of the Corrected Amended Complaint.

68.    Defendant denies the allegations contained in Paragraph 65 of the Corrected Amended Complaint.

69.    RFA denies the allegations contained in Paragraph 66 of the Corrected Amended Complaint.

70.    RFA denies the allegations contained in Paragraph 67 of the Corrected Amended Complaint.

71.    RFA hereby incorporates Paragraphs 1 through 71 of its Answer as if fully stated herein.

72.    RFA denies the allegations contained in Paragraph 69 of the Corrected Amended Complaint.

73.    RFA denies the allegations contained in Paragraph 70 of the Corrected Amended Complaint.

74.    RFA hereby incorporates Paragraphs 1 through 74 of its Answer as if fully stated herein.

\\\BA - 65890/0016 - 191094 v2

75.    RFA denies the allegations contained in Paragraph 72 of the Corrected Amended Complaint.

76.    RFA denies the allegations contained in Paragraph 73 of the Corrected Amended Complaint.

77.    RFA hereby incorporates Paragraphs 1 through 77 of its Answer as if fully stated herein.

78.    RFA denies the allegations contained in Paragraph 75 of the Corrected Amended Complaint.

79.    RFA denies the allegations contained in Paragraph 76 of the Corrected Amended Complaint.

80.    RFA denies that Plaintiff is entitled to any of the relief requested under the heading "Prayer for Relief" after Paragraph 76 of the Corrected Amended Complaint.

## THIRD DEFENSE

Plaintiff's claims are barred based on the failure of the Complaint to allege a sufficient factual and/or legal basis for damages.

## FOURTH DEFENSE

Plaintiff's claims are barred because the employment decisions about which he complains were based on legitimate, non-discriminatory, non-retaliatory factors.

\\\BA - 65890/0016 - 191094 v2

## FIFTH DEFENSE

Plaintiff's discrimination claim is barred, in whole or in part, to the extent it is intended to seek relief for events outside the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because RFA would have made the same decisions with or without consideration of any impermissible motivating factors.

## SEVENTH DEFENSE

Plaintiff's claims are, or may be, barred, in whole or in part, to the extent that Plaintiff failed to mitigate his damages.

## ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, waiver, mistake, set-off, unclean hands and by any equitable or other defenses found to be factually merited during the course of discovery in, or trial of, this action.

**WHEREFORE**, RFA respectfully requests that the Complaint be dismissed with prejudice and that costs and such further or additional relief as the Court deems appropriate be awarded to RFA.

\\\BA - 65890/0016 - 191094 v2

Respectfully submitted,

**HOGAN & HARTSON L.L.P.**

Gil A. Abramson (Bar # 237994)
111 South Calvert Street
Suite 1600
Baltimore, MD  21202
(410) 659-2700 (telephone)
(410) 539-6981 (facsimile)

Gregory M. Petouvis (Bar # 477600)
555 13th Street, N.W.
Washington, DC  20004
(202) 637-5600 (telephone)
(202) 637-5910 (facsimile)

Counsel for Defendant
Radio Free Asia

Date:  March 13, 2006

\\\BA - 65890/0016 - 191094 v2

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of March, 2006,

Defendant Radio Free Asia's Answer to the Corrected Amended Complaint was filed

electronically.  Notice of this filing will be sent to all parties by operation of the

Court's electronic filing system.

_____
Gil A. Abramson

\\\BA - 65890/0016 - 191094 v2