# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KHIN MAUNG THAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:05-CV-01042 (RMU) |
| | ) | |
| RADIO FREE ASIA, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT RADIO FREE ASIA'S
OBJECTIONS AND ANSWERS TO PLAINTIFF
KHIN MAUNG THAN'S FIRST SET OF INTERROGATORIES

Pursuant to the Federal Rules of Civil Procedure and the Rules of this Court, Defendant Radio Free Asia ("RFA"), through counsel, hereby objects and responds to Plaintiff's First Set of Interrogatories Pursuant to Rule 33 (the "Interrogatories"). The wording of any specific response may be that of Defendant's counsel and does not necessarily reflect Defendant's knowledge alone or Defendant's precise wording. Defendant reserves the right to supplement the responses herein in the event additional information is discovered as a result of further discovery in this case or through other means.

## I. GENERAL OBJECTIONS

Defendant makes the following General Objections to Plaintiff's Interrogatories. These General Objections apply to all or so many of the Interrogatories that, for convenience, they are set forth immediately below and are

In addition to outside counsel, Defendant contacted Cindy Kim, former Human Resources Specialist to discuss the instant lawsuit. The contents of that conversation are protected by the attorney-client privilege. Cindy Kim's address is PHD USA, 220 East 42nd Street, 7th Floor, New York, New York 10017.

**INTERROGATORY NO. 4:**    For each year from 1995 to the present, please identify the persons employed by the Defendant as (a) a part-time broadcaster, (b) a full-time broadcaster, or (c) an Editorial Consultant, and for each such person:

a)    list his/her sex;
b)    list his/her dates of employment;
c)    list the hours worked per month; and
d)    list the hourly wage/salary paid.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing or the General Objections, Defendant responds as follows:

RFA has no "part-time" broadcasters. The following individuals have been employed in RFA's Burmese Service in a full-time position from 2002 to the present.

- Ko Ko Aung, Male, 4/29/02 – present, $45,369.00.

- May Aung, Female, 11/6/98 – present, $51,611.00.

- Sein Hlaing, Male, 2/1/99 – present, $56,772.00.

- Kyaw Htun, Male, 8/1/05 – present, $44,854.00.

- May Khin, Female, 10/26/98 – present, $56,786.00.

- Soe Khin, Male, 3/10/97 – 10/31/03, $48,891.00.

- Tin Aung Khine, Male, 1/25/00 – present, $51,611.00.

- Zaw Moe Kyaw, Male, 11/6/05 – present, $44,479.00.

- Khin Maung Nyane, Male, 5/1/98 – present, $60,243.00.

- Nyi Nyi, Male, 2/18/98 – present, $53,157.00.

- Thein Oo, Male, 1/6/97 – 6/9/06, $$58,490.00.

- Win Naing Oo, Male, 7/23/01 – present, $51,611.00.

- Win Pe, Male, 1/16/97 – 7/4/05, $54,534.00.

- Kyi Kyi Than, Female, 10/27/03 – 4/9/05, $39,489.00.

- Myint Thein, Male, 1/23/97 – 9/28/05, $49,575.00.

- San San Tin, Female, 8/1/05 – present, $44,854.00.

- Min Zin, Male, 5/10/04 – present, $51,611.00.

The following individuals have been employed in RFA's Burmese Service as Contractors from 2002 to the present:

- Kyaw Kyaw Aung, Male, 1/18/06 – 9/30/06, $15/hour.

- Zaw Win Hlaing, Male, 1/17/06 – 9/30/06, $15/hour.

- Zaw Moe Kyaw, Male, 10/1/04 – 9/30/05, $15/hour.

- Nang Non, Female, 10/1/04 – 1/10/05, $15/hour.

- Khin Maung Than, Male, 5/15/02 – 9/30/04, $15/hour.

- Tin Maung Than, Male, 10/1/02 – 9/30/04, $15/hour.

- Khin Myo Thet, Female, 5/14/02 – 9/30/04, $15/hour.

- Khin Win, Male, 10/1/01 – 9/30/02, $15/hour.

The following individuals have been employed in RFA's Burmese Service as Editorial Consultants from 2002 to the present:

- Violet Cho, Female, 2/15/06 – present, $75/piece.

- Ba Gyan, Male, 9/1/99 – present, $75/piece.

- Aung Htoo, Male, 7/2/01 – 3/06, $75/piece.

- Aung Kin, Male, 3/1/03 – present, $75-$150/piece.

- Htain Linn, Male, 12/1/01 – 3/2006, $75/piece.

- Aye Aye Mar, Female, 6/16/06 – present, $75/piece.

- Aung Naing, Male, 3/19/03 – present, $100/piece.

- Nyi Nyi, Male, 9/27/99 – present, $200/piece.

- Aung Naing Oo, Male, 8/1/01 – 9/30/02, $75/piece.

- U Win Pe, Male, 5/1/03 – 3/2006, $75/piece.

- Khin Maung Than, Male, 10/1/02 – present, $75/piece.

- Tin Maung Than, Male, 4/1/01 – 7/03, $75/piece.

- May Nyane, Female, 1/1/06 – present, $75/piece.

- U Thaung, Male, 4/1/97 – present, $75-$150/piece.

- Myo Tint, Male, 12/1/03 – present, $75/piece.

- Saw Tun, Male, 10/1/04 – present, $75/piece.

- Soe Moe Tun, Male, 5/25/06 – present, $100/piece.

- Min Zin, Male, 6/1/98 – 5/2004, $75/piece.

The hours worked by Consultants vary each month. Timesheets showing hours worked by Consultants will be produced in response to Plaintiff's

First Requests for Production of Documents. Full-time employees generally work a minimum of 40 hours per week.

**INTERROGATORY NO. 5:**   For each year from 1995 to the present, please describe in full detail each of Defendant's policies or procedures for:
   a)      hiring full-time broadcasters;
   b)      utilizing the results of previously taken pre- or post-employment testing in employment decisions.
For each policy, include in your answer whether the policy was written or oral and the period during which such policy was in effect.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to this Interrogatory because it is overly broad and unduly burdensome. Subject to and without waiving the foregoing or the General Objections, Defendant responds as follows:

*See* RFA's written policies on "Recruitment and Hiring" and "Testing of Broadcasting Applicants" in RFA's Employee Handbook produced in response to Plaintiff's First Set of Requests for Production of Documents. RFA's Burmese Language and Journalism test was used both to determine whether an applicant would be interviewed and as a minor factor in hiring decisions.

**INTERROGATORY NO. 6:**   Please state as to each person within the Defendant's organization who has been responsible, during the period from November 1995 through the present, for making hiring decisions, decisions regarding promotion, and termination decisions:
   a)      the person's name, address, and job title;
   b)      the dates during which the person was responsible for making hiring decisions, decisions regarding promotion, and termination decisions;
   c)      the specific nature of the person's responsibility;
   d)      the job categories for which the person had decision-making responsibility; and

8.    Khin Khin Win, Male, applied in 2004, not hired based on his resume, results on RFA's Burmese Language and Journalism test, and responses during an interview for the position.

9.    Min Zin, Male, applied in 2004, hired based on his resume, results on RFA's Burmese Language and Journalism test, and responses during an interview for the position, employed at RFA as an International Broadcaster from 5/10/04 – present.

This response will be supplemented when Defendant locates additional responsive information.

**INTERROGATORY NO. 14:**    Please describe in full detail the specific factors considered by Defendant relating to Defendant's decision not to renew Plaintiff's part-time broadcaster contract with Defendant in or around October 2, 2004, including the following:

a)    the specific basis or bases for Defendant's decision;

b)    the name and job title of each individual who participated in meetings or communications relating to Defendant's decision;

c)    the date of every meeting in which the renewal of Plaintiff's part-time broadcaster contract with Defendant was discussed and the name and job title of each individual who participated in or attended each such meeting;

d)    whether Defendant considered documentary evidence in making its decision, and if so, what evidence it considered;

e)    whether any memoranda were prepared regarding Plaintiff, and if so, the name and job title of the author(s) of each such memorandum and the date of each such memorandum; and

f)    whether any written documents were prepared that reflect the content of any meetings or consultations held relating to the renewal of Plaintiff's part-time broadcaster contract with Defendant, and if so, the name and job title of the author(s) of each such document.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this Interrogatory because it is overly broad and unduly burdensome.  Subject to and without waiving the foregoing or the General Objections, Defendant responds as follows:

- 17 -

Plaintiff has no part-time broadcaster contract. Upon consultation with U Soe Thinn, Burmese Language Service Director; Susan Lavery, Deputy Director for South East Asian Language Services; Nancy Shwe, Burmese Language Service Deputy Director; Khin Maung Nyane Burmese Language Service Senior Editor; Win Pe, Burmese Language Service Senior Editor; and Libby Liu, then Vice President of Administration, RFA decided not to renew Plaintiff's contract for news reading because the Burmese Service wanted new voices and because Plaintiff did not show potential for full-time broadcasting.

**INTERROGATORY NO. 15:**   For the period from May 2002 to the present, please state whether any employee of Defendant has made complaints or allegations of discrimination or retaliation against Defendant. Include in your answer:

a)   for each year, identification of any employee who made such complaints or allegations and the nature of each such complaint or allegation;

b)   the person or department within Defendant or the federal, state, or local agency to which each such complaint or allegation was made;

c)   for each such employee, how many months the employee remained employed by Defendant after he or she made a complaint or allegation, and whether each employee still holds his or her position;

d)   for each such employee, whether Defendant changed the employee's job assignment or conditions of employment at any point after the employee made his or her complaint or allegation; and

e)   for each such employee, specific details or any lawsuit or charge of discrimination filed relating to the complaint or allegation in any federal or state court, arbitration board, or with any federal, state, or local agency, including date of filing, named parties, and resolution or outcome.

for a legal conclusion.  Subject to and without waiving the foregoing or the General

Objections, Defendant responds as follows:

*See* RFA's Answer to Plaintiff's Corrected Amended Complaint.

Additional defenses may be raised in the course of discovery.


**INTERROGATORY NO. 18:**   Identify any and all bases that support or contradict your denial of the allegations in the Corrected Amended Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to this Interrogatory because it is overly broad,

vague and seeks the disclosure of privileged information.  Subject to and without

waiving the foregoing or the General Objections, Defendant responds as follows:

*See* Responses to Interrogatories Nos. 11 and 12.  This Answer may

be supplemented during the course of discovery.

Respectfully submitted,

Gil A. Abramson
HOGAN & HARTSON L.L.P.
111 South Calvert Street
Suite 1600
Baltimore, MD 21202
(410) 659-2700

Gregory M. Petouvis
HOGAN & HARTSON L.L.P.
555 13th Street N.W.
Washington, DC 20004
(202) 637-5600

Counsel for Defendant

\\\BA - 065890/000016 - 209518 v2

Radio Free Asia

Dated:  August 23, 2006

\\\BA - 065890/000016 - 209518 v2

## <u>VERIFICATION</u>

The undersigned, being first duly sworn, states that the foregoing Answers to Plaintiff Khin Maung Than First Set of Interrogatories are based on information provided by personnel employed by Radio Free Asia, on information obtained from books and records of Radio Free Asia, and upon the personal knowledge, information and belief of the undersigned. The undersigned solemnly affirms under the penalties of perjury that the foregoing answers are true to the best of his knowledge, information and belief.

Norman Thompson
Director of Human Resources

Date: August 23 2006

\\\BA - 065890/000016 - 209518 v2

As to objections:

Gil A. Abramson
HOGAN & HARTSON L.L.P.
111 South Calvert Street
Suite 1600
Baltimore, MD 21202
(410) 659-2700

Gregory M. Petouvis
HOGAN & HARTSON L.L.P.
555 13th Street N.W.
Washington, DC 20004
(202) 637-5600

Counsel for Defendants
Radio Free Asia

Dated: August 23, 2006

\ \ \BA - 065890/000016 - 209518 v2