# Exhibit 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHIN MAUNG THAN,<br><br>   Plaintiff,<br><br>  v.<br><br>RADIO FREE ASIA,<br><br>   Defendant. | Civil Action No.<br>1:05-CV-01042 (RMU) |

## AFFIDAVIT OF TAMARA BAGLEY

1. I am over 18 years of age and competent to testify to the matters described herein. The information set forth in this affidavit is based upon personal knowledge.

2. I have worked at Radio Free Asia ("RFA") since October 7, 1996. I am a Human Resources Specialist. RFA's office is located at 2025 M Street, N.W., Suite 300, Washington D.C. 20036.

3. My responsibilities at RFA include posting advertisements for job vacancies in the language services, receiving and reviewing applications from job candidates, and scheduling job interviews. Prior to 2004, my responsibilities also included administering a language proficiency test that was given to applicants for broadcaster positions and sending the applicants' test results to the language service directors.

4. In 2003, RFA's Human Resources Department administered the posting of advertisements for broadcaster positions in all nine language services. The Human Resources Department used a generic job advertisement to post vacancies for broadcaster positions in all language services. The advertisement was not tailored to meet the needs of the particular language services and was not altered to reflect input from the Service Directors. For example, although the advertisement stated that one year of broadcast journalism experience was required, this was not enforced because the language services often were unable to find individuals with this qualification. In 2003, the generic advertisement was used to solicit candidates for a vacancy for a full-time broadcaster in the Burmese Service.

5. In 2003, when the Human Resources Department received applications in response to a job posting, the Department reviewed the applications to determine which applicants would be invited to take the language proficiency test. The language proficiency test was given only once and was used as a screening device to determine which candidates would be interviewed by the Service Director. Candidates who submitted applications for multiple positions in a language service were tested only once and their test results were retained for more than one year. RFA no longer uses a language proficiency test.

6. The language proficiency test was made up of four parts that tested the applicants' fluency in English and the language of the service; the quality of the applicants' voices for broadcasting; the applicants' ability to adapt news stories from English to Burmese; and the applicants' ability to translate news stories from

English to Burmese. The language proficiency test was administered and graded by third parties who were not RFA employees. The tests were labeled with an identification number, not the applicants' names, so that the applicants' identities were not known to anyone outside of the Human Resources Department.

7.  After receiving and reviewing the applicants' test scores, Human Resources would select three or four applications to send to the language service directors. Once the service directors indicated which applicants they would like to interview, Human Resources scheduled the interviews but did not participate in the interviews.

8.  Plaintiff Khin Maung Than ("Mr. Than") submitted an application for employment as a full-time broadcaster in the Burmese Service in 1998. After receiving Mr. Than's application, I arranged for him to take the language proficiency test.

9.  Between 1998 and 2001, Mr. Than repeatedly contacted Human Resources on the telephone and through letters. Mr. Than asked for updates on the status of his applications, asked to retake the language proficiency test, and requested an opportunity to be interviewed.

10. In 2001, Mr. Than submitted another application for a position as a full-time broadcaster in the Burmese Service. I scheduled Mr. Than to take the language proficiency test because I did not realize that he was the same person who had taken the test earlier. This happened because on his previous application

Plaintiff wrote his name as "Maung Maung" but on his 2001 application he wrote his name as "Khin Maung Than".

11.   Although Mr. Than never was hired as a full-time broadcaster, he was employed as both as an Editorial Consultant and a Voice Contractor in the Burmese Service. He was paid $75 per feature as an Editorial Consultant and $15 per hour as a Voice Contractor.

12.   The practice of the Human Resources Department, when a Charge from the Equal Employment Opportunity Commission was received in our office, was to forward it to outside counsel for handling.

*Tamara Bagley*
Tamara Bagley

SWORN AND SUBSCRIBED before me this 21st day of December 2006.

*Notary Public*
Notary Public

My Commission Expires:_____

Masha Udensiva-Brenner
Notary Public, District of Columbia
My Commission Expires 10-14-2010