# Exhibit 1

# HOGAN & HARTSON
## L.L.P.

GIL A. ABRAMSON
PARTNER
(410) 659-2723
GAABRAMSON@HHLAW.COM

111 SOUTH CALVERT STREET, SUITE 1600
BALTIMORE, MARYLAND 21202
TEL  (410) 659-2700
FAX  (410) 539-6981
WWW.HHLAW.COM

October 1, 2004

Ms. Janice Campbell
Enforcement Supervisor
Equal Employment Opportunity Commission
Washington Field Office
1801 L Street, NW, Suite 100
Washington, DC  20507

Re:   Khin Than v. Radio Free Asia
        EEOC Charge No.:  100-2004-00807

Dear Ms. Campbell:

This constitutes the response on behalf of Radio Free Asia ("RFA") to the Charge of Discrimination filed by Khin Than ("Mr. Than").  Mr. Than currently is an independent contractor performing limited responsibilities in RFA's Burmese Language Service. RFA denies that it discriminated against Mr. Than on the basis of his gender or in any manner.  RFA reserves the right to amend this statement at any time in the future based upon knowledge of new facts.

RFA is a private, non-profit corporation, incorporated and headquartered in the District of Columbia.  RFA was created to carry out certain provisions of the U.S. International Broadcasting Act of 1994 (Title III of Public Law 103-326, 22 U.S.C. § 6201 et seq.) calling for the creation of a new broadcasting service to the Peoples Republic of China and other countries in Asia that lacked freedom of press and adequate sources of free information.  RFA prepares and broadcasts information, news and commentary about events in Asia and elsewhere in languages including Tibetan, Mandarin, Cantonese, Uyghur, Burmese, Vietnamese, Lao, Khmer, and Korean.  RFA's programming originates in Washington, D.C., and is broadcast in the languages of the target countries through transmission sites in Europe and Asia.  RFA's activities are carried out both by full-

HOGAN & HARTSON L.L.P.

Ms. Janice Campbell
October 1, 2004
Page 2

time staff employees and various contractors.  Mr. Than has worked as a part-time consultant in RFA's Burmese Language Service. [1]

## The Charge Is Untimely

In his Charge, Mr. Than complains that he did not receive a full-time broadcasting position that was given to one female in November 2003. [2]

In or near November 2003, RFA hired only one female to fill a full-time International Broadcaster position in the Burmese Service.  The opening for that position was posted in July 2003.  A copy of the Job Announcement is attached hereto as Exhibit 1.  It should be noted that the Job Announcement contains the following statement:  "RFA is an equal opportunity employer committed to workforce diversity."

A total of four individuals applied for and were interviewed for the position: Tin Aung Cho (male), Kyi Kyi Than (female), Khin Than (male) (the Charging Party), and Maung Maung Nyo (male).  The interviews were conducted by the Burmese Language Service Director, U Soe Thinn (male) and the Deputy Director, Nyein Shwe (female).  Three of the interviews were conducted on October 14, 2003.

On October 21, 2003, a decision was made to hire Kyi Kyi Than for the International Broadcaster position in the Burmese Language Service.  Mr. Than

---

[1]    Mr. Than's work as a part-time contractor has been limited to providing voicing for broadcasts written by other journalists and for preparing features on science and medical issues, rather than political issues.  Mr. Than is regarded by his superiors as having too much of a journalistic bias to report on hard news, which is the core of RFA's Burmese Language Service broadcasts.

[2]    Mr. Than's Charge initially complained about two full-time broadcaster positions.  It appears that he amended his Charge by striking out the reference to "two females" and replacing it with "one female."  In any event, the Charge refers only to a "November 2003" employment event (misstated as a "promotion"), and no other date of alleged discrimination is specified or claimed.

RFA-00476

HOGAN & HARTSON L.L.P.

Ms. Janice Campbell
October 1, 2004
Page 3

was in a position to learn of Ms. Than's hiring at that time because he worked with the Burmese Language Service. In fact, Mr. Than readily admits that he knew about Ms. Than's hiring on October 22, 2003. On February 23, 2004, Mr. Than wrote a letter to the Chairman of the Broadcasting Board of Governors, RFA's funding agency, concerning several hirings, including the hiring of Kyi Kyi Than, in which he stated, on page 3: "On 22nd October, Mr. [U Soe] Thinn told me that Kyi Kyi Than had been chosen." A copy of Mr. Than's letter dated February 23, 2004 is attached hereto as Exhibit 2.

It is an axiomatic jurisdictional requirement that, in order to be valid, a charge must be filed with the Commission within 300 days of when the adverse employment action is communicated to a charging party. Delaware State College v. Ricks, 449 U.S. 250 (1980); Chardon v. Fernandez, 454 U.S. 1 (1981). On October 22, 2003, Mr. Than knew that he had not been selected for the International Broadcaster position of which he complains in his Charge and that Kyi Kyi Than had been the successful candidate.

Mr. Than did not file his Charge until August 19, 2004, 302 days after the alleged adverse employment action had been admittedly communicated to him. In these circumstances, Mr. Than's Charge is untimely and should be dismissed for untimeliness.

**In Any Event, Mr. Than's Allegation
That He Was Not Hired Into A Full-Time Position
In November 2003 Based On His Gender Is Unsupportable
On The Facts and Contrary to His Prior Written Statements**

Since he began working for RFA in May 2002 as a part-time consultant, Mr. Than has unsuccessfully applied for at least two full-time International Broadcaster positions in the Burmese Language Service and never, prior to his Charge, alleged or even inferred that his failure to achieve those full-time positions, including the position at issue here, was based upon his gender. To the contrary, Mr. Than, in various writings, has attributed his failure to obtain a full-time International Broadcaster position to "abuses, corruption and cronyism" (Exhibit 2, p. 5). Moreover, in each instance in which Mr. Than has complained that he was not selected for the full-time International Broadcaster position, the

\\\BA - 65890/0016 - 179659 v1

RFA-00477

HOGAN & HARTSON L.L.P.

Ms. Janice Campbell
October 1, 2004
Page 4

individual selected for the position either has been a male or, if female, gender was not ascribed by Mr. Than as a reason for the hire or Mr. Than's failure to be hired. Mr. Than's prior conduct, as confirmed in his own writing, therefore establishes that his current allegation of gender discrimination is a spurious afterthought.

For example, Mr. Than complained about a female who was hired as a part-time Broadcaster in the Burmese Language Service in 1997, and attributed that hiring as "a favor to her brother-in-law" (Exhibit 2, p. 4). Mr. Than complained about another hire in January 2002 of a male Broadcaster who was selected because allegedly he was the brother-in-law of a friend of the Service Director (Exhibit 2, pp. 4-5). Essentially, Mr. Than was complaining about favoritism based upon personal relationships rather than gender discrimination.

In his Charge, Mr. Than does not identify by name any individual who was hired in November 2003 allegedly instead of Mr. Than. The only person hired into the Burmese Service in November 2003 was Mr. Tin Aung Cho. [3] In the context of his current Charge, Mr. Than's allegations border on the spurious for two reasons. First, Mr. Cho is a male and, therefore, there is no factual or legal basis to support Mr. Than's claim of gender discrimination. Second, in his contemporaneous writings, Mr. Than complains equally about the hiring of Kyi Kyi Than and Tin Aung Cho (see Exhibit 2, pp. 6-7) without attributing gender as the reason for either of their hirings or the fact that he was not hired.

## Conclusion

For the aforementioned reasons, RFA respectfully requests that the Commission dismiss the Charge as untimely without reaching the merits of the complaint. In the event that the Commission determines to address the merits of the complaint, there are no facts to sustain the allegation of gender discrimination

---

[3]    Mr. Cho was offered a position which had become vacant when another Broadcaster in the Burmese Service quit after Kyi Kyi Than was hired. Subsequently, Mr. Cho was forced to withdraw his acceptance of RFA's job offer because he was unable to meet the United States' immigration requirements to move from Australia, where he resided, to the United States.

RFA-00478

\\\BA - 65890/0016 - 179659 v1

HOGAN & HARTSON L.L.P.

Ms. Janice Campbell
October 1, 2004
Page 5

and no probable cause to believe that any gender discrimination has occurred as alleged in the Charge.

Should you require any further information, please contact the undersigned.

Sincerely,

Gil A. Abramson

GAA/kms
Attachments

RFA-00479